UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARILYN PELKEY,

Plaintiffs,

v.

NUSCALE POWER, LLC,

Defendants.

6:17-CV-399-TC

FINDINGS and RECOMMENDATION

COFFIN, Magistrate Judge:

## INTRODUCTION

Plaintiff alleges that she was unlawfully terminated from employment by defendant. She asserts a federal claim pursuant to 42 U.S.C. Section 1981 and two claims pursuant to Oregon law. Presently before the court is defendant's motion to dismiss the state claims.

## STANDARDS

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the

Page 1 - FINDINGS and RECOMMENDATION

complaint to contain enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

## DISCUSSION

Defendant asserts that plaintiff's state claims are barred by the applicable statute of limitations of one year. Defendant maintains that the claims are barred because they were not filed until April 5, 2016 and plaintiff was terminated on either April 3, 2015, or April 2, 2015. See p. 2 of Motion (#1) and p. 3 of Reply (#17), respectively. Plaintiff, however, maintains that she was not terminated until April 6, 2015, and, as such, the filing was timely.

Although different interpretations are theoretically possible, the allegations of the Amended Complaint, accepted as true, allow the court at this point in the proceedings to draw the reasonable inference that defendant is liable for the conduct alleged with the termination occurring on April 6th.

See Paragraphs 16-20 of Amended Complaint (#3-1).

In Paragraph 19 , plaintiff alleges that defendant's Vice President of Human Resources Carl Britsch took her phone call on April 3rd and engaged her by telling her that:

> she was overpaid by $5 an hour and that they would have to give her a pay cut. Plaintiff was agreeable to this. Mr. Britsch then stated that the environment would not be pleasant for her, as they will be watching her. He admitted that they would be harassing her and finding a reason to fire her. Plaintiff indicated that she would be fine and she had nothing to hide and was not worried.

Paragraph 19 of Amended Complaint (#3-1).

Britsch apparently did not tell plaintiff on this phone call that she was already terminated or that she was being terminated , and, as set forth above, Britsch allegedly engaged her on matters related to continued employment. Plaintiff maintains that termination did not occur until April 6th when she called and Mr. Britsch said that plaintiff would not be allowed to go back to work. See Paragraph 20 of Amended Complaint (#3-1). [1]

Discovery may provide additional information and an opportunity for subsequent dispositve motions or a trial on the matter, but at this stage of the pleadings denial of the motion to dismiss is appropriate.

---

[1] Defendant essentially conceded at oral argument that BOLI's notation of the termination in its paper work is not dispositive of the current motion.

Page 3 - FINDINGS and RECOMMENDATION

## CONCLUSION

Defendant's motion (#1) to dismiss should be denied.

DATED this 15th day of May, 2017.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 4 - FINDINGS and RECOMMENDATION